(No. 19973.

WILLIAM SHAVERS *et al.* Appellants, *vs.* JAMES A. THOMAS *et al.* Appellees.

*Opinion filed April 17, 1930—Rehearing denied June 6, 1930.*

L. O. WILLIAMS, for appellants.

A. F. MILLER, L. W. INGHAM, WILLIAM F. SMITH, and HERRICK & HERRICK, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellants, William Shavers and Thomas R. Watters, filed their bill in chancery in the circuit court of DeWitt county against appellees, alleging that appellants were the sole surviving trustees of the First Colored Baptist Church of Clinton; that appellees Alexander Washington, Everette Flemming, George Shelby, Luke Page and Columbus DeBoise have assumed to hold the office of trustees of said church, and that they and appellee James A. Thomas, a pretended minister of the church, secretly and surreptitiously held a pretended election, of which the full membership of the church had no notice, at which Washington, Flemming, Shelby, Page and DeBoise were claimed to have been elected trustees of the church; that as such pretended trustees they entered into an agreement to sell the church building for the sum of $2500, and to carry out this agreement they held another meeting secretly, wherein they pretended to be the official board of the church and passed a resolution to the effect that the trustees should sell the church for a sum not less than $2500; that they sold the church to appellee Loyd D. Meadows; that Meadows and his wife sold and conveyed the premises to the Central Oil and Gas Company; that these conveyances were illegal and void and that the grantees therein had notice of the invalidity. Appellants prayed for an injunction restraining appellees from removing, destroying or changing the premises, or in any way interfering with appellants or the First Colored Bap-

tist Church of Clinton from using the building as a place of worship and for other purposes incident to the use of the church; that the deed conveying the premises to Meadows and the deed from Meadows to the Central Oil and Gas Company be set aside, and that the title to the premises be quieted in appellants as trustees of the First Colored Baptist Church of Clinton. Appellees filed joint and several answers denying appellants' right to the relief.

The cause was referred to a master in chancery, who took the proofs and found that the First Colored Baptist Church of Clinton was incorporated as a religious organization under the laws of the State of Illinois on the 12th of May, 1873, and that it purchased the land in question for a consideration of $250; that the trustees of the church placed a mortgage on the premises for $212.45 to secure money to erect the building which is now on the lot; that when the mortgage became due the church did not have sufficient funds to pay it, and John Watters, who was the father of Thomas R. Watters, in order to protect the church, paid the mortgage and the trustees of the church agreed to reimburse Watters for the money paid by him; that during the three or four years immediately following the payment of the mortgage by Watters the trustees of the church were unable to raise the necessary funds with which to reimburse him, and that in the year 1885 Watters agreed with the trustees of the church that he would waive the re-payment of the money advanced for the payment of the mortgage if the trustees would make him a member of the board of trustees of the church, with the further provision that after his death one of his heirs should continue to be a member of the board; that Mrs. Watters was one of the original founders of the church; that from the time the church was organized its membership was very small, a part of the time there being only four members and at other times it increased to about ten; that for more than fifteen years immediately preceding 1910 Mrs. Watters devoted a

large part of her time to keeping the church open and contributed about one-half of all the funds collected for its support; that prior to the year 1910 the church had become known as the Second Colored Baptist Church of Clinton; that about August 12, 1910, George W. Watters, a son of John Watters, Archer Ward and William Caldwell were elected trustees of the church; that for three or four years thereafter no regular services were held in the building on the premises and the board of trustees met at the house of Mrs. Watters, who was an invalid during that time; that the only members of the church during that time were Laura McCrory, William Shavers, Hattie Watters and the Rev. Ward; that for about two years immediately preceding the year 1917 no devotional services were held in the church; that Caldwell died prior to 1917; that about January 1, 1917, the then four members of the church, Laura McCrory, Rev. Madison, William Shavers and Hattie Watters, met and elected Thomas R. Watters and William Shavers trustees of the church; that in the latter part of the year 1917 they, as trustees of the church, co-operated with the Wood River conference of the colored Baptist churches of Illinois and secured the services of Rev. Field to hold a rally for the purpose of raising money and increasing the membership of the church; that several new members joined the church; that Alexander Washington, a new member, obtained the keys from Mrs. Watters; that Shavers attended services in the church with the new members until about 1921, when he, on account of forming a dislike for the pastor, stopped attending the church; that from October 2, 1917, until shortly before the filing of the suit, religious services were regularly held in the church and meetings of the business sessions of the trustees of the church were written up in the church; that neither Shavers nor Watters attended the church or attempted to perform any duties as trustees after about the year 1921; that on October 28, 1925, Washington, Page,

DeBoise, Flemming and Shelby were elected trustees; that on June 28, 1926, at a meeting of the members of the church, notice of which meeting had been duly announced by the pastor of the church at a previous regular church session, the members of the church present voted to authorize the board of trustees to sell the church premises for not less than $2500; that the reason assigned by the members for selling the church lot was that a large majority of the colored people of the city of Clinton resided in the northeast part of the city and the church was in the west part; that on the 31st of July, 1926, the trustees of the church sold the premises to Meadows for $2500 and gave him a warranty deed therefor; that on August 6, 1926, Meadows and his wife gave a mortgage on the premises to the DeWitt County Building Association to secure the payment of $1500; that on August 28, 1926, Meadows and his wife deeded the premises, subject to the mortgage, to the Central Oil and Gas Company of Clinton; that the trustees of the First Colored Baptist Church purchased two lots in the northeast part of Clinton and were prepared to move the church thereto at the time of the filing of the bill of complaint. The master recommended that the bill of complaint be dismissed for want of equity. Objections were filed to the report, which being overruled by the master stood as exceptions on the hearing before the court. The court entered a decree sustaining the findings of the master. From this decree appellants have appealed to this court.

It must be conceded that the claimed agreement between John Watters and the trustees of the church that he would release them from their liability to reimburse him for the money advanced for the payment of the mortgage of $212.45 and interest, in consideration of the agreement of the trustees that he should become a member of the board of trustees and that after his death one of his heirs should continue to be a member of the board of trustees,

was *ultra vires* the corporation and void and need not be further discussed.

It is contended by appellants that there could be but three trustees of the corporation, for the reason that the affidavit of incorporation only provided for three trustees. The number of trustees of a corporation of the character of the one here in question is determined by the statute, which provides that the number of trustees may be more than three if agreeable to the usages, customs, rules and regulations of the congregation, church or society.

It is contended by appellants that they were the sole trustees and that the appellee trustees were usurpers. The bill was drawn upon the theory that appellants, as trustees, were vested with the legal control and management of the church property instead of the appellee trustees, and it sought to restrain appellees from pretending that they were trustees of the church. The title to the office of trustee is here only collaterally involved. The appellee trustees had been *de facto* elected to a corporate office, had accepted the same, entered upon the performance of their duties and were in the possession of the property. An information in the nature of *quo warranto* will lie against one who intrudes himself into the office of trustee of a church corporation, and his title to the office cannot be decided in a collateral suit but can only be decided in a direct proceeding. *Lawson* v. *Kolbenson*, 61 Ill. 405.

It is likewise contended that the deed made to Meadows did not purport to be made by the corporation in its corporate capacity but purported to be made by the trustees of the First Colored Baptist Church of Clinton as grantors to Meadows as grantee. With the validity of the deed appellants can have no concern. The statute of this State provides that the trustees of a church may, when directed by the congregation, church or society, sell and convey any real or personal estate of such corporation. (Cahill's Stat. chap. 32, par. 173.) The evidence shows that at a meeting

of the congregation held in accordance with the rules of the church, due notice thereof having been given by public announcement from the pulpit at a previous meeting, the trustees were directed by the congregation to sell and convey the real estate here in question for a price of not less than $2500. No question is made but that the great majority of the congregation voted in favor of giving such direction. The acting trustees, in accordance with this direction, sold and conveyed the property to Meadows for $2500. Meadows paid the purchase price in full, and the acting trustees purchased another lot for the church, paying for the same out of the money received from Meadows. There is no question but that the First Colored Baptist Church corporation received full value for the premises in question, and if Meadows and the Central Oil and Gas Company did not receive a good title thereto that is a question between them and the corporation, with which appellants have no concern.

Appellants having failed to establish that the decree of the circuit court was erroneous, it will be affirmed.

*Decree affirmed.*